UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL L. H., an Individual, | Case No. 2:19-04988 ADS |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## I. <u>INTRODUCTION</u>

Plaintiff Karl L. H.[1] ("Plaintiff") challenges the Defendant Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of his application for supplemental security income ("SSI"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected his testimony concerning pain and limitations he

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

suffers. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.[2]

## II.   FACTS RELEVANT TO THE APPEAL

A review of the entire record reflects certain uncontested facts relevant to this appeal. Plaintiff's SSI application alleges disability based on "schizo effective bipolar type, depression, glaucoma and ADHD." (Administrative Record "AR" 100). In his Work History Report, Plaintiff stated that his condition limits his ability to work as "[t]he bipolar causes disruption in focus and I suffer from racing thoughts, difficulties concentrating, hard to complete tasks, insomnia. I have problems with shoulder. Problem with left eye. I have nerve damage that affects my hands and posture. I have an injury to lower back, hip and knee." (AR 410). When asked at the Administrative hearing what prevents him from returning to work, Plaintiff testified that his mental and emotional problems affect his ability to stay focused and hold a job, that "the voices are the biggest thing" and that he "hears voices every day." (AR 55, 59). Plaintiff further testified that what prevents him physically from returning to work is that his "hands ball up" and that he "drops things." (AR 57).

Plaintiff's reported work history is limited and often sporadic. Prior to filing for social security benefits in March of 2013, Plaintiff's employment records indicate he last worked in 2009, with no income reported for the years 2010 thru 2015. (AR 321-24, 335). Plaintiff earned a total of $246.89 in 2009 at a company called Defense Finance & Accounting Service, located in Cleveland, Ohio. (AR 322). In 2008, Plaintiff earned a

---

[2] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Docket("Dkt.") Nos. 11, 12].

total of $17,272.46, $12,957.26 at the Department of Veterans Affairs and $4315.20 at a company called Behavioral Health Services Inc., located in Gardena, California.  (AR 322, 324).  In 2007, Plaintiff earned a total of $10,163.20, $4,198.48 at the Department of Veterans Affairs and $5,964.72 at a company called Volt Management Corporation in Orange, California.  (AR 322, 324).  Plaintiff has no reported income for the years 2003 thru 2006.  In 2002, Plaintiff earned $367.25 at Lakewood Eye Physicians and Surgeons, Inc. and in 2001, Plaintiff earned $1,102.00 at Philip A. Mischenko, D.O. in Temple City, California.  (AR 321).  Finally, in 2000, Plaintiff earned a total of $16,649.02, $11,503.21 at a company called Fitness International located in Irvine, CA and $5,145.81 at a company Optimate, Inc. located in Arcadia, California.  (AR 321).

When asked of his employment history at the Administrative hearing, Plaintiff testified that he has worked as an optical assistant and as a drug and alcohol counselor, after receiving a counseling certificate in this field.  (AR 45-48).  On Plaintiff's completed Work History Report and Disability Report, he stated that he has worked as a food service worker for the Department of Veteran Affairs from September 2007-January 2009, as a counselor for Behavioral Health Services from June 2008-August 2008, as a general manager at LA Fitness from May 2000-January 2001, and as a salesman for Optimate from February 2000-May 2000.  (AR 383, 398).

Plaintiff completed a Function Report in May 2013 wherein he stated that he cooks and cleans up after himself, does the laundry, shops, waters the yard and attends AA meetings.  (AR 411-14) .  Plaintiff reported no problems in socializing and interacting with others.  (AR 414-15).  In a subsequent Function Report he completed in October 2013, Plaintiff also stated that he goes to the gym and walks on the treadmill.  (AR 439).

## III. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed his application for SSI on March 7, 2013, alleging disability beginning October 1, 2008. (AR 309-17). Plaintiff's claims were denied initially on August 30, 2013 (AR 126-30), and upon reconsideration on December 20, 2013 (AR 134-38). A hearing was held before ALJ James D. Goodman on August 16, 2017.[3] (AR 37-63). Plaintiff, represented by counsel, appeared and testified at the hearing. (Id.)

On June 25, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[4] (AR 15-27). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on April 11, 2019. (AR 1-6). Plaintiff then filed this action in District Court on June 7, 2019, challenging the ALJ's decision. [Dkt. No. 1].

### B. Summary of ALJ Decision After Hearing

In the decision (AR 15-27), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. § 416.920(a). At **step one**, the ALJ found that Plaintiff had not been

---

[3] Plaintiff failed to appear at the first hearing scheduled, and two subsequent hearings were continued in order for Plaintiff to obtain representation. (AR 15).

[4] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?

engaged in substantial gainful activity since March 7, 2013, the application date.  (AR 18).  At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) status post left eye corneal transplant with bilateral cataracts; (b) bilateral inguinal hernias status post-surgical repair; (c) history of right shoulder impingement syndrome with degenerative labrum and rotator cuff tearing; (d) spondylosis of the lumbar spine; (e) degenerative changes of the cervical spine; (f) status post right ankle avulsive fracture and right hip arthrosis; (g) arthritis of the left acromioclavicular joint; (h) a mood disorder, not otherwise specified; and (i) polysubstance dependence in remission, with relapse periods.  (AR 18).

At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  (AR 19).  The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform medium work as defined in 20 CFR 416.967(c)[7], "except he is limited to occasional work with small objects and no more than simple repetitive tasks."  (AR 19).

---

If so, the claimant is automatically determined disabled.  If not, proceed to step four.  Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.  Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 416.945(a)(1).

[7] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work . . . he or she can also do sedentary and light work."  20 C.F.R. § 416.967(c); see also Manzo v. Berryhill, 2018 WL 5099264, at *4 (C.D. Cal. Oct. 17, 2018).

At **step four**, based on Plaintiff's RFC, the ALJ found that Plaintiff could perform his past relevant work as a kitchen helper. (AR 25-26). At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ also found that Plaintiff "remains capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (AR 27). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, since March 7, 2013, the date Plaintiff filed his application. (Id.).

## IV.  ANALYSIS

### A.  Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ properly considered his testimony. [Dkt. No. 20 (Joint Submission), 4].

### B.  Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. Whether the ALJ Properly Evaluated Plaintiff's Testimony

Plaintiff asserts that the ALJ improperly rejected his subjective complaints of the pain and limitation he suffers from his severe impairments, which limit and prevent him from performing work on a sustained basis. Defendant contends that the ALJ appropriately found Plaintiff's symptoms and limitations allegations not fully supported by the record.

1. <u>Legal Standard for Evaluating Claimant's Testimony</u>

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. <u>Benton ex rel. Benton v. Barnhart</u>, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); <u>see also</u> <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)). Defendant does not contest, and thus appears to concede, that Plaintiff carried his burden of producing objective medical evidence of his impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." <u>Benton</u>, 331 F.3d at 1040; <u>see also</u> Social Security Ruling (SSR) 16-3p (findings "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." <u>Brown-Hunter</u>, 806 F.3d

at 489 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

### 2. The ALJ provided Clear and Convincing Reasons Supported by Substantial Evidence

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.[8] The ALJ found that Plaintiff's subjective complaints were not consistent with the evidence of record, including Plaintiff's sporadic and isolated medical treatment for his physical ailments, inconsistent psychiatric records, medical noncompliance, and Plaintiff's activity level, including going to the gym and being arrested for and charged with burglary after applying for benefits. (AR 19-25).

---

[8] The ALJ did not make a finding of malingering in his opinion. (AR 15-27).

Important to note, the ALJ did not entirely reject Plaintiff's testimony concerning his pain, symptoms, and level of limitation. The ALJ stated that "due to the lack of consistent medical evidence, and the inconsistencies in his treatment, statements and action, I am unable to afford [Plaintiff's] allegations *full weight*." (AR 24). Rather, the ALJ stated that:

> in light of the objective medical evidence . . . demonstrating that the [Plaintiff] has several physical impairments, and in light of the fact that he alleges that they are symptomatic, I afforded his allegations in this regard, *partial weight.* I did so even though the state agency evaluating medical consultant opines that the [Plaintiff's] physical impairments are nonsevere.

(AR 19) (emphasis added). Accordingly, the ALJ included limitations in Plaintiff's RFC that he only "occasional[ly] work with small objects" and perform "no more than simple repetitive tasks." (AR 19).

The ALJ did a thorough review of Plaintiff's medical records and found that they did not fully support Plaintiff's allegations. The ALJ reviewed and cited to medical records of Plaintiff's physical complaints and noted that Plaintiff's seeking out of medical treatment was sporadic and isolated and that the records did not demonstrate disabling conditions as alleged. (AR 19-21). The ALJ reviewed Plaintiff's medical records of his neck, back, hip, ankle and shoulder issues, his hernia procedures and his eye surgeries and treatment and found that the records did not demonstrate that Plaintiff would be unable to perform a range of medium exertion, with the express limitations. (AR 20-21). See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir 2012) (the ALJ's determination should not be second-guessed where reasonable and supported by substantial evidence); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (finding that proof of "conservative treatment is sufficient to discount a claimant's testimony

regarding severity of an impairment"); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (finding that an ALJ can rely on a physician's failure " to prescribe… any serious medical treatment for [a claimant's] supposedly excruciating pain").

The ALJ also noted that "the record contains multiple reports of the [Plaintiff] demonstrating a persistent pattern of medical noncompliance." (AR 22). Noncompliance with prescribed medical care is a proper ground for the ALJ to have given less than full weight to Plaintiff's testimony. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2010) ("The ALJ may consider many factors in weighing a claimant's credibility," including "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment").

The ALJ also thoroughly reviewed Plaintiff's mental health records and found that, despite Plaintiff's claims, they support Plaintiff being capable of performing simple repetitive tasks. (AR 21-24). The ALJ stated that in reviewing the record as a whole, the psychiatric records are fraught with inconsistency. (AR 21). The ALJ pointed to inconsistencies in intellectual functioning scores and reported mood conditions, noting that "[a] mental health source candidly admits that, 'the [Plaintiff's] reported and observed symptoms over the course of treatment pointed out that the [Plaintiff] has a tendency of reporting increased and/or exaggerated symptoms when SSI applications have been denied.'" (AR 22). These inconsistencies in the medical record is a proper ground for the ALJ to have given only partial weight to Plaintiff's testimony. See Thomas, 278 F.3d at 959 (ALJ may properly consider a claimant's inconsistent statements and other inconsistencies in the record).

Furthermore, the ALJ took account of Plaintiff's activities in weighing his testimony of his limitations, noting that the record contains numerous reports of

Plaintiff attending a gym and that Plaintiff was arrested for and charged with burglary after he applied for benefits. (AR 22). The ALJ stated that "[i]t is hard to reconcile this activity with [Plaintiff's] disability claims." (Id.). It was proper for the ALJ to consider Plaintiff's activities. An ALJ is permitted to consider daily living activities in his credibility analysis. See 20 C.F.R. § 404.1529(c)(3) (daily activities are a relevant factor which will be considered in evaluating symptoms); see also Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors"). Daily activities may be considered to show that Plaintiff exaggerated her symptoms. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly recognized that daily activities "did not suggest [claimant] could return to his old job" but "did suggest that [claimant's] later claims about the severity of his limitations were exaggerated."). Furthermore, there was no error on the part of the ALJ to consider Plaintiff's burglary charge in assessing the credibility of his testimony. See Albidrez v. Astrue, 504 F. Supp.2d 814, 822 (C.D. Cal. 2007) (finding the ALJ's adverse credibility finding supported by Plaintiff's criminal history, which included burglaries and showing false identification to a police officer).

Based on these clear, convincing and specific reasons for partially rejecting Plaintiff's pain and limitations testimony and the substantial evidence to support his determination, the Court concludes that the ALJ did not commit error in discounting Plaintiff's testimony.

**V.      CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.  Judgment shall be entered accordingly.

DATE: September 23, 2020

                                          /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge